## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN JAMES RUMFIELD, | § | |
| #50519-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3235-B-BK |
| | § | (CRIMINAL 3:14-CR-367-B-80) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

## I. BACKGROUND

In 2016, Movant John James Rumfield pled guilty to possessing a controlled substance with intent to distribute and was sentenced to 188 months' imprisonment. *United States v. Rumfield*, No. 3:14-CR-367-B-80, Crim. Doc. 2975 (N.D. Tex., Sep. 30, 2016), *appeal dismissed*, No. 16-11518, Crim. Doc. 3317 (5th Cir. Sep. 26, 2017). Rumfield timely filed this *pro se* Section 2255 motion on December 7, 2018, alleging ineffective assistance of counsel. Doc. 1; Doc. 2. The Government filed a response in opposition, arguing that his alleged grounds for relief lack merit. Doc. 13. Rumfield filed a reply. Doc. 15.

Upon review, the Court finds that Rumfield has failed to demonstrate that counsel was ineffective. Thus, his Section 2255 motion fails on the merits.

## II. ANALYSIS

To obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Failure to Object to Drug-Quantity Determination

Rumfield asserts counsel rendered ineffective assistance in failing to object to the drug-quantity calculation in the Presentence Report (PSR), which held him accountable for 581.95 grams of methamphetamine. Doc. 1 at 1-2; Doc. 2 at 3-4. Rumfield avers that he should have been held accountable only for the 49 grams of methamphetamine stipulated in the *Factual Resume* and that "[t]he arbitrary drug weight attributed to [him] in the PSR is not [a] lawful basis for [his] sentence and he is entitled to resentencing." Doc. 2 at 3. He also contends that "[a]ny increase in drug amount under 21 U.S.C. § 841(b) must be determined by a jury." Doc. 2 at 3. In his reply, Rumfield adds that counsel's failure to object resulted in his sentence being increased "without any proper indicia of reliability," specifically as to a confidential source's (CS2's) statement that Brown provided between 1.5 to 2 ounces to Rumfield on at least 15 occasions. Doc. 15 at 2; *see also* Crim. Doc. 2825-1 at 13, PSR ¶ 31.

Contrary to Rumfield's assertions, the factual resume did not limit the relevant drug quantity. Crim. Doc. 2387. While Rumfield stipulated in the factual resume that he possessed and distributed approximately 49 grams of methamphetamine in June and July 2015, he also stipulated that the factual resume was "not intended to be a complete accounting of all the facts and events related to the offense charged in this case" but was to establish the factual basis for his guilty plea to Count 46. Crim. Doc. 2387 at 2. Additionally, at rearraignment, Rumfield acknowledged his understanding that the Court could disregard facts agreed to by the parties and consider other facts not agreed to, and that, in that event, he might not be able to withdraw his plea. Crim. Doc. 3377 at 9-10; *see also* Crim. Doc. 2386 at 2-3 (Plea Agreement).

Moreover, Rumfield's contention that the Court erred in considering relevant conduct at sentencing has no legal basis. The increase in his offense level by the additional drug quantities had no corresponding impact on the statutory sentencing range. *See Alleyne v. United States*, 570 U.S. 99, 116-17 (2013) ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"); *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013) (*Alleyne* has no impact on advisory guideline calculations). Furthermore, as reflected in the PSR and adopted by the Court, CS2 was a reliable cooperating source. Agent Wilson interviewed CS2 pursuant to a federal proffer and advised that his information was corroborated by the statements of other sources or through Agent Wilson's knowledge of the investigation. Crim. Doc. 2825-1 at 12-13, PSR ¶ 28.

For the foregoing reasons, any objection by counsel to the drug-quantity determination would have been futile, and counsel cannot be deemed ineffective for failing to make a futile objection. *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a

frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection).  Consequently, Rumfield has failed to demonstrate counsel's deficient performance, nor has he established prejudice.

### B.  Failure to Argue for a Mitigating Role Adjustment and the Elimination of the Importation Enhancement

Next, Rumfield asserts that counsel rendered ineffective assistance in failing to argue for a mitigating role reduction under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2, which also would have shielded him from a two-level enhancement for importation of methamphetamine under U.S.S.G. § 2D1.1(b)(5).[1] Doc. 1 at 2.  He avers that he should have received a role adjustment for minor or minimal participation because he (1) "was not a key player in the uncharged conspiracy," (2) "definitely did not fulfill a 'vital role,'" and (3) "was just a patsy."  Doc. 2 at 6.  Rumfield explains that he "was loosely associated with a fringe player" and that "[h]is involvement, apparently, was limited to facilitating drug deals in an effort to fuel his own addiction."  *Id.*  In his reply, Rumfield adds that if counsel had adequately investigated his case and the information from CS2s, he could have argued the applicability of Amendment 794 and proved that Rumfield was a "low-end street dealer" and, thus, substantially less culpable than the average participant in the conspiracy.[2] Doc. 15 at 11-13.

---

[1] U.S.S.G. § 2D1.1(b)(5) provides a two-level increase if "(A) the offense involved the importation of . . . methamphetamine . . . and (B) the defendant is not subject to an adjustment under §3B1.2 (Mitigating Role)."

[2] Amendment 794, which became effective on November 1, 2015, did not alter the text of U.S.S.G. § 3B1.2, but merely clarified that the court should compare the defendant's role to that of the other participants in the criminal activity at issue, and not to that of participants in other, similar crimes.  U.S.S.G. §3B1.2 cmt. n.3(A).

Rumfield, however, offers no evidence that he was only a minimal or minor participant, and the record belies his bare assertions. According to the PSR (which was accepted in relevant part at sentencing), Rumfield was characterized as a mid-level distributor of methamphetamine. Crim. Doc. 2825-1 at 9, PSR ¶ 20. "Reliable sources informed Agent Wilson that Rumfield was capable of securing ounce quantities of methamphetamine for distribution to a select few customers." *Id.* As the Government noted at sentencing, in relation to the other defendants named in the superseding Indictment, Rumfield was not at the high end of the conspiracy, but he certainly was not at the low end either, as he was held responsible for distributing over a half a kilogram of methamphetamine. Crim. Doc. 3201 at 18, 20. Consequently, Rumfield cannot demonstrate counsel's deficient performance or resulting prejudice because the evidence simply does not support his contention that he was eligible for either the minimal- or minor-participant adjustment and that the importation enhancement thus did not apply. U.S.S.G. § 3B1.2 cmt. n.3(A) (providing a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant").

Therefore, these claims likewise fail.[3]

## C. Ineffective Assistance of Counsel on Appeal

Rumfield asserts that appellate counsel provided ineffective assistance in filing an *Anders*

---

[3] In his reply, Rumfield adds that counsel's ineffective assistance rendered his guilty plea involuntary. Doc. 15 at 2, 14-17. He also avers that counsel was ineffective for failing to investigate. Doc. 15 at 14-17. However, he states that the voluntariness "issue is not being raised but [that it] substantiates Petitioner's position that Counsel was ineffective." Doc. 15 at 15. That, notwithstanding, insofar as Rumfield raises any new claims, they should be denied. "A reply must be limited to the arguments raised in the government's responsive pleading [and] shall not include any new allegations of fact or new grounds for relief …." Doc. 5 at 2. Moreover, even if he had sought leave to amend, the purported new grounds do not relate back to the claims raised in the original Section 2255 motion and, thus, are untimely. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (concluding that only claims "tied to a common core of operative facts" as the claims in the original petition will relate back).

brief when he could have argued on appeal that "the information supplied by CS2 in the PSR was uncorroborated and insufficiently reliable[.]"  Doc. 2 at 7.  Specifically, he asserts that "the very text messages relied on by the government as basis for [his] possessory conviction—all of which occurred only in June and July, 2015—controverts the unidentified source's information."  *Id.*  However, the claim is meritless because Rumfield waived his right to challenge his sentence on direct appeal, except in very limited circumstances not applicable here.  Rumfield does not claim that his waiver was unknowing or involuntary or explain how his argument could have survived his appellate waiver.  Thus, appellate counsel correctly concluded that there was no non-frivolous issue warranting briefing on the merits.  *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (when a petitioner asserts that appellate counsel erroneously failed to file a merits brief, he can satisfy the first part of the *Strickland* test by showing that a reasonably competent attorney would have found that at least one of his claims presented a non-frivolous issue).  Moreover, Rumfield presented to the appellate court in his *Reply and Objection Motion to Anders Brief* essentially the same argument that he raises here.  *See* USCA No. 16-11518.  However, in dismissing his appeal, the Fifth Circuit deemed that argument frivolous.

Accordingly, Because Rumfield had no non-frivolous issue that he could have presented on appeal, he cannot show that appellate counsel rendered constitutionally ineffective assistance.  Therefore, his claim has no merit.

### III. EVIDENTIARY HEARING

In his reply, Rumfield contends for the first time that he is entitled to an evidentiary hearing.  Doc. 15 at 4, 17.  However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing."  *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v.*

*Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))).  Because Rumfield's claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required.  *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

**IV. CONCLUSION**

The Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 4, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).